IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-31174
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN D. MCMANUS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. CR-95-60-B
- - - - - - - - - -
July 14, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Kelvin D. McManus appeals from his conviction and sentence for conspiracy to possess with intent to distribute and to distribute cocaine base, possession with intent to distribute cocaine base, and using and carrying a firearm in relation to a drug-trafficking crime. He argues that the factual basis was inadequate to support his guilty-plea conviction for using and carrying a firearm in relation to a drug-trafficking crime in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light of the Supreme Court's decision in <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), and that the district court erred by finding that he was not entitled to a reduction in his offense level pursuant to U.S.S.G. § 3B1.2 for being a minor participant. Because McManus displayed the weapon to the CI while they were driving to the drug transaction, the factual basis was adequate to support McManus's conviction for using a firearm during and in relation to a drug-trafficking offense. See <u>United States v. Hall</u>, 110 F.3d 1155, 1160-61 (5th Cir. 1997) (gun must be disclosed or mentioned by the offender to be actively employed). Further, given the testimony by Agent Rollins at the sentencing hearing and the information contained in the PSR, the district court did not clearly err by refusing to grant McManus a two-level reduction for his minor role in the offense pursuant to § 3B1.2. Accordingly, the judgment of the district court is AFFIRMED.